J-S30008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
NORBERTO VIERA-TORRES :
:
Appellant : No. 1701 MDA 2023

Appeal from the Judgment of Sentence Entered September 20, 2023
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-MD-0000045-2023

BEFORE: PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.: **FILED: NOVEMBER 8, 2024**

Norberto Viera-Torres appeals from the judgment of sentence entered following his conviction of indirect criminal contempt for violation of a protection from abuse order ("PFA"). On appeal, Viera-Torres challenges the sufficiency of the evidence. As we find the Commonwealth did not meet its burden to prove Viera-Torres had notice of the final PFA order, we are constrained to vacate the judgment of sentence.

Initially, we note with extreme disapproval the Commonwealth's failure to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain 'a summary of argument and the complete argument for appellee.'" ***Commonwealth v. Pappas***, 845 A.2d 829, 835 (Pa. Super.

_____

[*] Former Justice specially assigned to the Superior Court.

2004) (quoting Pa.R.A.P. 2112). In **Pappas**, the panel referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." **Id**. We echo that opinion and remind the Commonwealth of its obligation to file an appellee's brief in future appeals.

In this case, a bench trial was held on September 20, 2023. The Commonwealth presented the testimony of Luciana Feliciano as its sole witness. Viera-Torres is the father of Feliciano's son. **See** N.T., 9/20/23, at 4. At the Commonwealth's request, the court took judicial notice of a PFA order issued in favor of Feliciano against Viera-Torres on November 18, 2022, effective until November 18, 2025. **See id**.

Feliciano testified that Veira-Torres called her numerous times throughout the day on November 28, 2022. **See id**. at 5. As a result, Feliciano called the police. **See id**. When the police arrived, they took Feliciano's information and used her phone to call the number that had been calling her that day. **See id**. Feliciano heard the call because the police put the call on speakerphone. **See id**. Feliciano identified the voice on the call as belonging to Viera-Torres. **See id**. at 6. Feliciano affirmed that Viera-Torres is the father of her child, so she is familiar with his voice. **See id**. The Commonwealth rested following Feliciano's testimony. Viera-Torres chose not to testify.

Both attorneys were permitted to make argument to the trial court. The attorney for Viera-Torres first contended that the Commonwealth had not "met its burden beyond a reasonable doubt for a few reasons." **Id**. at 9. First,

counsel argued that the actual phone records were not presented at trial to substantiate the testimony of Feliciano. *See id*. Then, counsel argued that Feliciano was not a credible witness. *Id*. In summary, counsel for Viera-Torres stated:

> Therefore, I would argue that they have not proven that it was Mr. Viera-Torres who was making the phone calls, as well as just given the inconsistences and the lack of evidence in several regards. I don't believe it's been proven beyond a reasonable doubt.

*Id*. at 10.

Following the arguments by defense counsel and the Commonwealth, the court found Feliciano's testimony credible that she clearly and definitively identified Viera-Torres's voice on the phone call. *See id*. at 12. Based on those findings, the court found Viera-Torres had violated the terms of the PFA order by making the phone calls. *See id*. The court further found that Viera-Torres's act of dialing Feliciano's number on repeated occasions with the intent of having her answer was made with wrongful intent. *See id*. The court sentenced Viera-Torres to six months' probation, along with a mental health evaluation, a $300 fine, and costs.

On September 25, 2023, Viera-Torres filed a post-sentence motion, challenging the sufficiency and weight of the evidence. In the post-sentence motion, Viera-Torres again contended "(1) the evidence was insufficient to convict Defendant of Indirect Criminal Contempt and/or (2) the verdict was against the weight of the evidence and Defendant requests a new trial." Post-

Sentence Motion, 9/25/2023, ¶ 5. In Section I of the post-sentence motion, Viera-Torres argued the evidence was insufficient because he was not identified as the perpetrator and the Commonwealth failed to prove he was the individual who "committed the volitional acts in this case and that he did so with wrongful intent." *Id*. at ¶¶ 8-13. Viera-Torres also argued there was no testimony which demonstrated "any phone calls were made on November 28, 2022." *Id*. at ¶ 14. Viera-Torres then argued the Commonwealth failed to present as exhibits the victim's phone logs, pictures, screenshots, and her phone, or present the testimony of the police officers who were involved. *Id*. at ¶¶ 15-16. Then, in a rambling fashion, Viera-Torres argued the Commonwealth did not prove its case beyond a reasonable doubt. *Id*. at ¶¶ 17-34. In Section II of the post-sentence motion, Viera-Torres contended the verdict was against the weight of the evidence. In addition to repeating many of the arguments already raised in Section I of the motion, Viera-Torres also contended the Commonwealth failed to present a timeline of the phone calls. *Id*. at ¶¶ 53 -58.

The court issued an order and accompanying opinion dated October 30, 2023, denying Viera-Torres's post-sentence motion. For reasons that are unclear from the record, the order denying the post-sentence motion was not docketed until November 30, 2023. After receiving permission to file a notice of appeal *nunc pro tunc*, this timely appeal followed.

- 4 -

In his sole issue on appeal, Viera-Torres argues the evidence was insufficient to sustain his conviction for indirect criminal contempt. "Evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as verdict winner, the evidence and all reasonable inferences derived therefrom are sufficient to establish all elements of the offense beyond a reasonable doubt." **Commonwealth v. Blakeney**, 946 A.2d 645, 651 (Pa. 2008) (citation omitted).

To establish indirect criminal contempt for the violation of a PFA order, the Commonwealth must prove: 1) the PFA order was sufficiently definite, clear and specific to the contemnor so as to leave no doubt of the conduct prohibited; 2) the contemnor had notice of the order; 3) the act constituting the violation was volitional; and 4) the contemnor acted with wrongful intent. **See Commonwealth v. Lambert**, 147 A.3d 1221, 1226 (Pa. Super. 2016).

> When reviewing a contempt conviction, much reliance is given to the discretion of the trial judge. Accordingly, [the appellate court is] confined to a determination of whether the facts support the trial court[']s decision. We will reverse a trial court's determination only when there has been a plain abuse of discretion.

**Id**. (citations omitted).

On appeal, Viera-Torres solely argues the Commonwealth failed to establish that he had notice of the final PFA order. He does not challenge any of the other elements.

At Viera-Torres' trial, the Commonwealth did not introduce the PFA order as an exhibit. However, the trial court took judicial notice of the final PFA order at the request of the Commonwealth.

We note Viera-Torres has waived any challenge to the court's taking judicial notice of the PFA order. **See Commonwealth v. Gentles**, 539 EDA 2021, at *4-6 (Pa. Super., filed October 7, 2021) (unpublished memorandum). At the hearing, Viera-Torres did not object to the admission of the PFA order by judicial notice. On the contrary, instead of challenging the court's decision in this regard, Viera-Torres consented to the judicial notice. Moreover, Viera-Torres made no mention of the court's taking judicial notice of the PFA order in his Rule 1925(b) statement, nor in his appellate brief. Accordingly, any challenge to the admission of the PFA order is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Moreover, the Commonwealth established the existence of the PFA order though the testimony presented at trial. The Commonwealth specifically indicated on the record, without objection, that the PFA order prevented Viera-Torres "from having any contact whatsoever." **See** N.T., 9/20/23, at 4. Further, Viera-Torres elected not to testify on his own behalf. Instead, defense counsel made a brief argument in which he argued the Commonwealth had

not met its burden of proof beyond a reasonable doubt because (1) the Commonwealth did not enter phone records into evidence to substantiate that Felicano received numerous calls that day, (2) Feliciano's credibility is questionable because she stated she did not remember what was said during the phone call made by the police, and (3) the Commonwealth did not prove Viera-Torres was the one making the calls because there was no response during the one phone call that Feliciano did pick up. *See id*. at 9-10.

Based on these circumstances, we conclude there was no real issue over the existence of the PFA order. *See Commonwealth v. Swarner*, 2019 WL 7174582, at *2 (Pa. Super. filed Dec. 24, 2019) (unpublished memorandum)[1] (finding the court did not abuse its discretion by taking judicial notice of a PFA order where its existence and validity were established through testimony of witnesses).

However, while the Commonwealth's evidence was sufficient to establish the existence of the PFA order, Viera-Torres is not challenging the order's existence. He is specifically arguing that the Commonwealth failed to offer testimony or evidence that he had notice of the order.

After a careful review of the record, we are unable to find any evidence provided by the Commonwealth to establish the element of notice. While the court took judicial notice of the PFA Order itself, there was no testimony or

_____

[1] "Non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value, pursuant to Pa.R.A.P. 126(b)." 210 Pa.Code § 65.37.

exhibit offered which established that service was made on Viera-Torres. The Sheriff Office's return of service is not in the certified record. The PFA order, which is in the docket in the certified record, states that Viera-Torres was not present when the final PFA Order was issued on November 18, 2022.[2]

As we cannot say the Commonwealth met its burden to prove notice of the PFA order at issue, we are constrained to find the trial court's finding of indirect criminal contempt was improper and cannot be sustained. Accordingly, we vacate the judgment of sentence.

Judgment of sentence vacated.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/08/2024

---

[2] Evidence that the contemnor had notice of the order could have been easily accomplished at the hearing held on September 20, 2023. Police Officer Ross Casteel of the York City Police Department included the following in the Affidavit of Probable Cause attached to the Criminal Complaint filed in this case: "I contacted the PFA office who reported [Viera-Torres] was served with the temp PFA which since it was amended to a full PFA still counted as him being served under the full pfa." The Criminal Complaint and Affidavit are included in the certified record. The Commonwealth failed to call either Officer Casteel or a representative from the PFA office as a witness, or offer the return of service as an exhibit, although any of these would have been an obvious means of proving service.